

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-14-00064-CV

_____

JOYCE STEEL ERECTION, LTD., Appellant

V.

GORDON RAY BONNER, Appellee

On Appeal from the 202nd District Court
Bowie County, Texas
Trial Court No. 11C0822-202

Before Morriss, C.J., Moseley and Carter,* JJ.
Opinion by Justice Carter

_____

*Jack Carter, Justice, Retired, Sitting by Assignment

# OPINION

While working on the construction of a building at Red River Army Depot, Gordon Ray Bonner was pinned between a 150,000-pound concrete tilt wall and a concrete embankment wall. As a result, Bonner suffered severe injuries to his pelvis, arteries, genitals, bladder, urethra, and right leg that required numerous surgeries and other medical procedures. Bonner asserted claims against Joyce Steel Erection, Ltd.,[1] Caruthers Construction, Inc., and Self Concrete, Inc., for his injuries. Caruthers Construction and Self Concrete settled with Bonner before trial. A jury found that Bonner had incurred $3,500,000.00 in past damages and $3,500,000.00 in future damages. It also found that Joyce Crane was thirty-four percent responsible for the occurrence; Bonner was thirty-three percent responsible; and Premier Constructors, Inc.,[2] Bonner's employer, was thirty-three percent responsible. In addition, the parties stipulated that Bonner's past medical expenses were $358,205.52 and that his past lost wages were $147,633.29. After making deductions for Bonner's percentage of responsibility and the pretrial settlements,[3] the trial court entered judgment against Joyce Crane in the amount of $2,345,480.69, including prejudgment interest. Joyce Crane appeals to this Court asserting that the trial court erred in (1) failing to exclude damages attributable to Premier, the responsible third party, and (2) in failing to follow the declining-principal formula

---

[1]Both parties refer to Joyce Steel Erection, Ltd., as "Joyce Crane" in their briefs; therefore, we will refer to this party as Joyce Crane as well.

[2]Joyce Crane designated Premier as a responsible third party. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(a) (West 2015).

[3]Bonner received $1,000,000.00 in settlement from Self Concrete on November 1, 2013, and $2,100,000.00 in settlement from Caruthers Construction on March 10, 2014. The jury found that the negligence of neither Self Concrete nor Caruthers Construction proximately caused the occurrence.

in calculating prejudgment interest. We find that the trial court did not err in failing to exclude damages attributable to the responsible third party, but that it erred in its calculation of prejudgment interest by not following the declining-principal formula. We, therefore, modify the trial court's judgment and affirm the judgment, as modified.

**I.      The Trial Court Did Not Err in Failing to Exclude Damages Attributable to Premier**

In Chapter 33 of the Texas Civil Practice and Remedies Code, the Texas Legislature established a comprehensive system for apportioning fault among all persons responsible for harm arising from tortious acts or acts that violate the Texas Deceptive Trade Practices–Consumer Protection Act. TEX. CIV. PRAC. & REM. CODE ANN. §§ 33.001–.017 (West 2015). In so doing, the Legislature also limited the availability of joint and several liability. *See id.* Under this system, the trier of fact determines the percentage of responsibility attributable to each claimant, each defendant, each settling party, and each designated responsible third party. TEX. CIV. PRAC. & REM. CODE ANN. § 33.003(a). If a claimant's responsibility exceeds fifty percent, the claimant is barred from recovering damages. TEX. CIV. PRAC. & REM. CODE ANN. § 33.001. Further, Chapter 33 places a limit on a claimant's potential recovery by requiring that the amount of recoverable damages be reduced by the percentage of responsibility apportioned to the claimant and by all the amounts received in settlement. TEX. CIV. PRAC. & REM. CODE ANN. § 33.012(a), (b); *Battaglia v. Alexander*, 177 S.W.3d 893, 906 (Tex. 2005). It also limits the liability of a defendant whose responsibility does not exceed fifty percent to an amount equal to the percentage of responsibility apportioned to that defendant. TEX. CIV. PRAC. & REM. CODE ANN. § 33.013(a); *Battaglia*, 177 S.W.3d at 906. Only when a defendant's responsibility exceeds fifty percent is it

3

jointly and severally liable for the entire amount of the claimant's recoverable damages, minus the amount attributed to the claimant and all settlement proceeds. TEX. CIV. PRAC. & REM. CODE ANN. § 33.013(b). The 1995 amendments to Chapter 33 allowed a defendant to significantly reduce the potential for joint and several liability by enabling it to join a third party who was not sued by the claimant but who might bear some percentage of responsibility for the claimant's damages.[4] *See* Act of May 8, 1995, 74th Leg., R.S., ch. 136, § 1, 1995 Tex. Gen. Laws 971, 972–73 (amended 2003, 2011) (current versions at TEX. CIV. PRAC. & REM. CODE ANN. §§ 33.003(a)(4), 33.004, 33.011(6)).[5]

Section 33.012 requires the trial court to "reduce the amount of damages to be recovered by the claimant" by the percentage of the claimant's responsibility and the sum of all settlements received. TEX. CIV. PRAC. & REM. CODE ANN. § 33.012(a), (b). In its first point of error, Joyce Crane argues that Section 33.012 requires the trial court to exclude any damages attributable to the responsible third party before making deductions for the claimant's percentage of responsibility and the value of any settlements. Joyce Crane points to the language used in Section 33.012 requiring the trial court to "reduce the amount of damages to be recovered by the claimant." It first points out that "the amount of damages to be recovered by the claimant" is not necessarily the same as the "damages found by the jury," citing to health care liability claim cases where, although the jury may find actual non-economic damages exceeding the statutory cap, the statutory cap is

---

[4]Chapter 33 no longer requires joinder of a responsible third party; rather, a defendant files a motion to "designate" a responsible third party. TEX. CIV. PRAC. & REM. CODE ANN. § 33.004. In addition, persons who may be designated responsible third parties have been greatly expanded. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 33.011(6).

[5]*See also* David W. Holman, *Responsible Third Parties*, 46 S. TEX. L. REV. 869, 877–89 (2005).

"the amount to be recovered by the claimant." *See Valley Grande Manor v. Paredes*, No. 13-11-00752-CV, 2013 WL 3517806, at \*2 (Tex. App.—Corpus Christi July 11, 2013, pet. denied) (mem. op.) (jury's award of $275,000.00 damages reduced to $250,000.00 by trial court before reducing amount to be recovered by $10,000.00 settlement). Joyce Crane then argues that since Section 33.004[6] prevents the claimant from recovering against the responsible third party, then the amount of damages caused by the responsible third party is not included in "the damages to be recovered by the claimant" under Section 33.012. Therefore, it reasons, the trial court should deduct an amount equal to the percentage of fault apportioned to the responsible third party from the damages found by the jury to determine "the damages to be recovered by the claimant" under Section 33.012.[7] According to Joyce Crane, it is from this reduced figure that the trial court should then deduct amounts for the claimant's percentage of responsibility and the sum of all settlements.[8]

## A. Standard of Review

Our analysis of whether Section 33.012 requires the trial court to deduct an amount equal to the percentage of fault apportioned to a responsible third party from the damages found by the jury to determine "the damages to be recovered by the claimant" involves statutory construction, which is a question of law that we review de novo. *See CI Sales & Serv., Inc. v. Hinton*, 329

---

[6]Section 33.004 provides, in pertinent part, that "a finding of fault against the [responsible third party] . . . does not by itself impose liability on the [responsible third party] . . . ." TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(i)(1).

[7]The parties direct us to, and we have found, no authority that considers this issue.

[8]Joyce Crane then uses this reduced figure and proposes a formula for determining Bonner's responsibility that after deducting for settlements, results in a take-nothing judgment for Joyce Crane. Since we do not agree that the Legislature intended that "the amount to be recovered by the claimant" excludes the amounts attributable to a responsible third party, we do not reach this portion of Joyce Crane's argument.

5

S.W.3d 475, 500 (Tex. 2010); *McIntyre v. Ramirez*, 109 S.W.3d 741, 745 (Tex. 2003). Our primary goal in construing a statute is to ascertain and give effect to the Legislature's intent. *Hinton*, 329 S.W.3d at 500; *Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 865 (Tex. 1999); *Pilgrim's Pride Corp. v. Cernat*, 205 S.W.3d 110, 117 (Tex. App.—Texarkana 2006, pet. denied). To ascertain that intent, we look first to the "'plain and common meaning of the statute's words.'" *McIntyre*, 109 S.W.3d at 745 (quoting *State ex rel. State Dep't of Highways & Pub. Transp. v. Gonzalez*, 82 S.W.3d 322, 327 (Tex. 2002); *Fitzgerald*, 996 S.W.2d at 865); *see* TEX. GOV'T CODE ANN. § 311.011 (West 2013). We construe the statute according to its plain language if the language is unambiguous. *McIntyre*, 109 S.W.3d at 745; *Fitzgerald*, 996 S.W.2d at 865; *Cernat*, 205 S.W.3d at 117. Further, in determining legislative intent, we look to the statute as a whole and not isolated portions. *In re M.N.*, 262 S.W.3d 799, 802 (Tex. 2008). We presume that the Legislature had a purpose for words included in the statute and that it purposefully omitted words excluded from the statute. *Id.*; *Cernat*, 205 S.W.3d at 117. When a statutory term is undefined, we will not find "a meaning that is out of harmony or inconsistent with other provisions in the statute." *McIntyre*, 109 S.W.3d at 745. Other matters, such as the object to be attained, circumstances of the statute's enactment, legislative history, and the consequences of a particular construction, may also be considered in determining the Legislature's intent. *See* TEX. GOV'T CODE ANN. § 311.023(1)–(3), (5) (West 2013); *McIntyre*, 109 S.W.3d at 745; *Fitzgerald*, 996 S.W.2d at 866. However, when a statute is unambiguous, these other matters will not be used to create an ambiguity. *Fitzgerald*, 996 S.W.2d at 865–66. *Compare Molinet v. Kimbrell*, 356 S.W.3d 407, 414 (Tex. 2011) (inappropriate to consider extrinsic aids to alter clear and unambiguous

6

statutory language), *with State v. Hodges*, 92 S.W.3d 489, 494 (Tex. 2002) (even when statute is clear and unambiguous, appellate court may consider statute's objectives and consequences of particular construction, among other things) (citing TEX. GOV'T CODE ANN. § 311.023 (West 2013)).

**B.     Plain and Ordinary Meaning**

Since Joyce Crane argues that the trial court should have reduced the "amount of damages to be recovered" by the percentage of fault attributed to the responsible third party, we will examine the references to the term "recover damages" in the statute.  In Chapter 33 of the Civil Practice and Remedies Code, the Legislature employs variations of "recover damages" at least nine times. Section 33.001 provides that "a claimant may not *recover damages* if his percentage of responsibility is greater than 50 percent." TEX. CIV. PRAC. & REM. CODE ANN. § 33.001 (emphasis added).  Section 33.003 requires the trier of fact to determine the percentage of responsibility of the claimant(s), defendant(s), and other persons who caused "the harm for which *recovery of damages is sought*." TEX. CIV. PRAC. & REM. CODE ANN. § 33.003(a) (emphasis added).  A claimant is defined as "a person seeking *recovery of damages*," and a defendant "includes any person from whom . . . a claimant seeks *recovery of damages*." TEX. CIV. PRAC. & REM. CODE ANN. § 33.011(1)–(2) (emphasis added).  The phrase "harm for which *recovery of damages* is sought" is also used in defining "percentage of responsibility," "settling person," and "responsible third party." TEX. CIV. PRAC. & REM. CODE ANN. § 33.011(4)–(6) (emphasis added).  Finally, Section 33.012 requires the trial court to reduce "the amount of *damages to be recovered* by the claimant . . . by the claimant's percentage of responsibility" and the sum of all settlements.  TEX.

7

CIV. PRAC. & REM. CODE ANN. § 33.012(a), (b) (emphasis added). "Recover," in the context of a legal cause of action, means "to gain by legal process" or "to obtain a final legal judgment in one's favor." MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 1040 (11th ed. 2006); *see also* BLACK'S LAW DICTIONARY 1389 (9th ed. 2009). In this same context, "recovery" means "[t]he obtainment of . . . [damages] by a judgment." BLACK'S LAW DICTIONARY 1389. Thus, the plain and common usage of these phrases would be to obtain a judgment for damages. There is nothing within these statutes to indicate that the Legislature meant to use the word "recover" in the phrases "recover damages," "recovery of damages," or "damages to be recovered" in any manner other than its plain and common usage. Under this usage, "the amount of damages to be recovered by claimant" under Section 33.012 means simply the amount of money damages that will be obtained by the claimant in the final judgment. Although the starting point is generally the amount of damages found by the trier of fact, Section 33.012 establishes the process by which the amount of damages to be recovered by the claimant is determined.

It is true that there may be amounts of damages allowed by law, such as prejudgment interest, that are added to the amount of damages found by the trier of fact and that are included in the amount of damages to be recovered. *See Battaglia*, 177 S.W.3d at 907. Conversely, in some instances, there is a statutory limit on the amount of damages a claimant may recover for certain claims. *See, e.g.*, TEX. CIV. PRAC. & REM. CODE ANN. §§ 74.301–.303 (West 2011) (limiting amount of damages claimant may recover in health-care liability claims). Joyce Crane argues that since statutorily-mandated limitations vary the "amount of damages to be recovered by the claimant," the Legislature must have intended that the amount of damages attributable to a

8

responsible third party would also be excluded from this amount. However, the limitations on recovery of certain damages in health-care liability claims are based on specific statutory provisions. *Id.* There is no such statutory provision excluding the amount of damages attributable to a responsible third party from the amount of damages to be recovered by the claimant. Further, an examination of Chapter 33 shows that this is clearly not what the Legislature intended.

### C.     What Was Put In, What Was Left Out

In Chapter 33, the Legislature sets forth the process for determining, for each person at fault for the claimant's alleged harm, that person's proportionate responsibility for claimant's damages. TEX. CIV. PRAC. & REM. CODE ANN. § 33.003(a). It also places a limit on the amount of damages the claimant may recover and a limit on the amount for which a defendant bearing fifty percent or less of the fault may be liable. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 33.012, 33.013(a); *Battaglia*, 177 S.W.3d at 906; *Cernat*, 205 S.W.3d at 118.

Under Section 33.003(a), the trier of fact determines the proportionate responsibility of each claimant, each defendant, each settling person, and each responsible third party. TEX. CIV. PRAC. & REM. CODE ANN. § 33.003(a). Of these four categories of persons responsible for the claimant's damages, the Legislature has provided that only two will limit the amount of damages to be recovered by the claimant. First, an amount equal to the claimant's proportionate responsibility is deducted from this amount. TEX. CIV. PRAC. & REM. CODE ANN. § 33.012(a). Then, the trial court is directed to further reduce the amount "by the sum of the dollar amounts of all settlements." TEX. CIV. PRAC. & REM. CODE ANN. § 33.012(b). Significantly, Section 33.012, which places limits on the amount of damages the claimant may recover, is silent regarding any

9

amount of damages attributable to a responsible third party. By including deductions for the claimant's proportionate responsibility and the amounts of settlements, it appears that the Legislature intended to reduce the amount of damages to be recovered by the claimant only by these amounts. At the same time, by excluding any mention of the amount of damages attributable to a responsible third party, the Legislature expressed an intention that the amount of damages to be recovered by the claimant would not be reduced by this amount.

D.      **Legislative History**

The legislative history of Chapter 33 also lends support to this interpretation. The Legislature first provided for a determination of the proportionate responsibility of settling persons in 1987. In that year, the Legislature added Section 33.003 to require the trier of fact to determine the percentage of responsibility of each claimant, each defendant, and each settling person. Act of June 3, 1987, 70th Leg., 1st C.S., ch. 2, § 2.06, 1987 Tex. Gen. Laws 37, 41 (amended 1995, 2003) (current version at TEX. CIV. PRAC. & REM. CODE ANN. § 33.003). The same year, the Legislature amended Section 33.012, adding provisions requiring the trial court to "reduce the amount of damages recovered by the claimant" by the percentage of the claimant's responsibility and settlements. Act of June 3, 1987, 70th Leg., 1st C.S., ch. 2, § 2.08, 1987 Tex. Gen. Laws 37, 41–42 (amended 1995, 2003, 2005) (current version at TEX. CIV. PRAC. & REM. CODE ANN. § 33.012(a), (b)). Eight years later, the Legislature added the provisions regarding responsible third parties. Act of May 8, 1995, 74th Leg., R.S., ch. 136, § 1, 1995 Tex. Gen. Laws 971, 972–73. Although these amendments added the current requirement for the determination of the percentage of fault of responsible third parties under Section 33.003(a), the Legislature made no

10

provision—nor has it since 1995—for reducing "the amount of damages recovered by the claimant" under Section 33.012 by the amount of damages attributable to a responsible third party. *See id.* This supports our determination that the Legislature did not intend the amount of damages to be recovered by the claimant to be reduced by the amount of damages attributable to the responsible third party.

Further, prior to the 1995 amendments, Chapter 33 allowed the claimant to control the submission of the comparative responsibility issue. *See* Holman, 46 S. TEX. L. REV. at 876–77. This greatly affected whether a defendant would, or would not, be held jointly and severally liable. *Id.* at 877. For instance, in a situation in which there were three potential defendants, two of whom were not capable of satisfying any judgment against them, and one of whom could satisfy the entire judgment (the solvent defendant), the claimant could strategically decide to file suit only against the solvent defendant. Since only the percentages of responsibility attributed to the claimant, defendant, and any settling party were submitted under Section 33.003, a claimant could, under the right circumstances, obtain a jury finding that would result in the solvent defendant being jointly and severally liable. Under the pre-1995 law, the solvent defendant could only join the other two defendants as contribution defendants in an effort to recoup some of the money he was required to pay the claimant. *See* Act of June 3, 1987, 70th Leg., 1st C.S., ch. 2, § 2.11, 2.11(a), 1987 Tex. Gen. Laws 37, 43 (amended 1995) (current version at TEX. CIV. PRAC. & REM. CODE ANN. §§ 33.015–.016). However, the percentage of the contribution defendants' responsibility was determined as a separate issue. *See* Act of June 3, 1987, 70th Leg., 1st C.S., ch. 2, § 2.11(a), 1987 Tex. Gen. Laws 37, 43–44 (amended 1995) (current version at TEX. CIV. PRAC. & REM. CODE ANN.

§ 33.016(c)). This could lead to a defendant being found jointly and severally liable even if its responsibility for the occurrence was only minor. For instance, assume the claimant filed suit against D1 (the solvent defendant) and obtained jury findings that D1 was seventy percent at fault for $100,000.00 in damages. D1 would be liable to the claimant for $70,000.00. Also, assume D1 joined DA and DB as contribution defendants and obtained a jury finding on the contribution issue that D1 was twenty percent responsible, DA was thirty percent responsible, and DB was fifty percent responsible. If DA and DB are insolvent, then D1 must pay claimant $70,000.00, even though he was only fourteen percent (twenty percent x seventy percent) responsible.

The bill analysis for the bill that contained the 1995 amendments to Chapter 33 makes clear that the Legislature's goal in adding the responsible third party provisions was to remedy this result. House Comm. on State Affairs, Bill Analysis, Tex. S.B. 28, 74th Leg., R.S. (1995). After setting forth the example in the previous paragraph, the analysis explains,

> [I]f DA and DB are insolvent, D1 must pay $70,000 even though D1 actually caused only 14 percent of the harm. If all of these parties were submitted to the jury on one question [as provided in S.B. 28], D1 would not have had to pay any more than $14,000 . . . . SB 28 would correct this problem by requiring all responsible parties to be apportioned a percentage of the liability at the same time.

*Id.* at 8. Thus, the Legislature sought to give a liable defendant an effective means of limiting its potential for joint and several liability. *See* Holman, 46 S. TEX. L. REV. at 877–79. At the same time, there is no indication in the bill analysis that the Legislature sought to limit the claimant's recovery through the responsible third party amendments.

12

**E. Joyce Crane's Interpretation is Inconsistent with Other Provisions of Chapter 33**

Joyce Crane's interpretation is also out of harmony with other provisions of Chapter 33 and would foster inconsistent results. This can best be seen in a case in which one of the defendants is jointly and severally liable. Section 33.013(b)(1) provides that if a liable defendant is found to be more than fifty percent responsible for the claimant's damages, he is "jointly and severally liable for the damages recoverable by the claimant under Section 33.012." TEX. CIV. PRAC. & REM. CODE ANN. § 33.013(b)(1). As we have noted, Section 33.012 places a limit on the damages the claimant may recover by reducing the amount to be recovered by the percentage of the claimant's responsibility and the sum of all settlements. The claimant's recovery from the jointly and severally liable defendant will be the amount remaining after these reductions. *See Dalworth Restoration, Inc. v. Rife-Marshall*, 433 S.W.3d 773, 787 (Tex. App.—Fort Worth 2014, pet. dism'd w.o.j.) (finding defendant wholly responsible for claimant's damages does not preclude application of settlement credit); *Taveau v. Brenden*, 174 S.W.3d 873, 881–82 (Tex. App.—Eastland 2005, pet. denied) (jointly and severally liable defendant liable for amount of damages after reduction for settlements); *Sugar Land Props., Inc. v. Becnel*, 26 S.W.3d 113, 119–21 (Tex. App.—Houston [1st Dist.] 2000, no pet.) (same). Consider two fact scenarios. In Scenario No. 1, claimant C files suit for damages against three defendants, D1, D2, and D3, but settles with D3 for $10,000.00 before trial. Under the legislative scheme, the trier of fact will determine the percentages of responsibility for C, Dl, D2, and D3 under Section 33.003. Assume the jury finds C ten percent responsible, D1 sixty-five percent responsible, D2 twenty percent responsible, and D3 five percent responsible, and assume $100,000.00 in damages. Ignoring prejudgment interest and any contribution claims,

13

under Section 33.012, the trial court would reduce the amount of damages by $10,000.00 (ten percent x $100,000.00) for C's percentage of responsibility and by another $10,000.00 for D3's settlement, leaving $80,000.00 as the amount of damages recoverable by C. Under Section 33.013(b)(1), D1 is jointly and severally liable for $80,000.00. In Scenario No. 2, assume the same facts, except that D2 has not been sued by C; rather, assume that D2 was designated as a responsible third party by D1. Under our interpretation of "the amount of damages to be recovered by the claimant," the result is the same in both scenarios, resulting in the claimant being made whole. However, under Joyce Crane's proposed interpretation, the trial court would initially reduce the amount of damages by $20,000.00 (twenty percent x $100,000.00, the amount attributable to the responsible third party, D2), then by an additional $10,000.00 for C's percentage of responsibility and $10,000.00 for D3's settlement, leaving $60,000.00 as the amount of damages recoverable by C and payable by D1. Thus, this interpretation would result in a less than full recovery by the claimant and would nullify D1's joint and several liability under Section 33.013(b)(1), a result the Legislature could not have intended.[9]

We find that "the amount of damages to be recovered by the claimant" under Section 33.012 of the Texas Civil Practice and Remedies Code does not exclude damages attributable to a responsible third party. The trial court did not err in failing to exclude the damages attributable to the responsible third party, and we overrule Joyce Crane's first point of error.

---

[9]We recognize that a jointly and severally liable defendant may, in some cases, reap the benefits of large settlements paid by settling parties that, in effect, also nullify joint and several liability. However, in those cases, the claimant still makes a full recovery of its damages. That is quite different from the result dictated by Joyce Crane's interpretation, which would result in a less-than-full recovery by the claimant and allow the jointly and severally liable defendant to nullify his joint and several liability through a responsible third party who has paid the claimant nothing.

14

## II. The Trial Court Erred in Calculating Prejudgment Interest

In its second point of error, Joyce Crane asserts that the trial court erred in its calculation of prejudgment interest by failing to follow the "declining-principal" formula as set forth by the Texas Supreme Court in *Battaglia*. *See Battaglia*, 177 S.W.3d at 908; *see also Brainard v. Trinity Universal Ins. Co.*, 216 S.W.3d 809, 816–17 (Tex. 2006). We agree.

Prejudgment interest is """"compensation allowed by law as additional damages for lost use of the money due as damages during the lapse of time between the accrual of the claim and the date of judgment."""" *Battaglia*, 177 S.W.3d at 907 (quoting *Columbia Hosp. Corp. of Houston v. Moore*, 92 S.W.3d 470, 473 (Tex. 2002) (quoting *Cavnar v. Quality Control Parking, Inc.*, 696 S.W.2d 549, 552 (Tex. 1985)); *Natural Gas Pipeline Co. of Am. v. Justiss*, 397 S.W.3d 209, 225 (Tex. App.—Texarkana 2010), *rev'd on other grounds*, 397 S.W.3d 150 (Tex. 2012). Since this case involves personal injury, prejudgment interest accrues on past damages "during the period beginning on the earlier of the 180th day after the date the defendant receives written notice of a claim or the date the suit is filed and ending on the day preceding the date judgment is rendered." TEX. FIN. CODE ANN. § 304.104 (West 2006). Section 304.104 does not address how settlement payments received by the claimant during the period in which prejudgment interest is accruing should be applied. In this case, the trial court applied prejudgment interest to the entire amount of past damages found by the jury, plus the amounts stipulated to by the parties for past medical expenses and past lost wages, totaling $4,005,838.81.[10] The trial court then applied the settlement

---

[10]Although the trial court did not reduce this amount by Bonner's percentage of responsibility, Joyce Crane raised no objection at trial to the trial court's failure to do so.

15

amounts to the principal ($4,005,838.81), but not to prejudgment interest. This yielded prejudgment interest in the amount of $621,744.31.[11] The parties agree that if the settlement payments are applied using the declining-principal formula, prejudgment interest would be reduced to $12,769.13, yielding a final judgment of $1,937,467.32.

In *Brainard v. Trinity Universal Insurance Co.*, a case in which prejudgment interest was also recoverable under Section 304.104,[12] Brainard argued that prejudgment interest should be applied to the entire amount of damages found by the jury and that the settlement credits should not be applied until the date the parties moved for judgment. *Brainard v. Trinity Universal Ins. Co.*, 216 S.W.3d 809, 816 (Tex. 2006). The Supreme Court held that the settlement credit should be applied as of the date the claimant received the settlement payment. *Id.* at 816–17. It reasoned that if the claimant was awarded compensation other than for the lost use of money, it would be a windfall to the claimant and a penalty for the defendant, and not interest. *Id.* at 816 (citing *Battaglia*, 177 S.W.3d at 907); *Justiss*, 397 S.W.3d at 225. The court also reaffirmed that "the

---

[11]The trial court's calculations were:

| | |
|---|---|
| Amount subject to prejudgment interest<br>($3,500,000.00 + $500,838.81 in stipulated past medical and lost wages) | $4,005,838.81 |
| 5% prejudgment interest on $4,005,838.81 for 1021 days<br>(January 16, 2011 to November 1, 2013) | $560,273.75 |
| 5% prejudgment interest on $3,005,838.81 for 130 days<br>(November 2, 2013 to March 10, 2014) | $53,528.80 |
| 5% prejudgment interest on $905,838.81 for 32 days<br>(March 11, 2014 to May 12, 2014) | $7,941.76 |
| Total Prejudgment Interest | $621,744.31 |

[12]Although Bonner characterizes *Brainard* as "an underinsured motorist case," the prejudgment interest considered by the court applied to the underlying wrongful death action. *Brainard*, 216 S.W.3d at 815.

16

proper way to apply credits in the calculation of prejudgment interest" is by applying the "'declining-principal' formula," whereby settlements are credited on the date they are received. *Brainard*, 216 S.W.3d at 907 (citing *Battaglia*, 177 S.W.3d at 907–09). Under the declining-principal formula, settlement payments are applied "'first to accrued prejudgment interest as of the date the settlement payment was made, then to 'principal,' thereby reducing or perhaps eliminating prejudgment interest from that point in time forward.'" *Id.* (quoting *Battaglia*, 177 S.W.3d at 908). Under *Brainard* and *Battaglia*,[13] the settlement credits in this case were required to be applied first to the accrued prejudgment interest as of the date of the settlement payment and then to the principal. We find that the trial court erred in failing to do so.

The parties agree that the correct amount of the judgment in this case under *Brainard* is $1,937,467.32. We, therefore, modify paragraph 1(a) of the trial court's judgment to reflect an award of actual damages to Bonner in the amount of $1,937,467.32.

We affirm the judgment of the trial court, as modified.

Jack Carter
Justice

Date Submitted:     May 21, 2015
Date Decided:       June 17, 2015

---

[13]Although Bonner contends *Battaglia* limited its holding to cases involving jointly and severally liable defendants, we find no such limitation by the court. To the contrary, the court specifically stated that for a defendant who is not jointly and severally liable, "a settlement payment would be applied first to accrued interest on that amount as of the date of the settlement payment." *Battaglia,* 177 S.W.3d at 908; *see also Alvarez v. Garcia*, No. 04-14-00142-CV, 2014 WL 6687529, *3 (Tex. App.—Fort Worth Nov. 26, 2014, no pet.) (mem. op.) (applying settlement credits using declining-principal formula to non-joint-and-several defendant).