COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS


| | | |
|---|---|---|
| KASSANDRA MEAD, | § | No. 08-11-00184-CV |
| Appellant, | § | Appeal from |
| v. | § | 394th District Court |
| PROPERTY OWNERS' ASSOCIATION OF TERLINGUA RANCH, INC., FRED PORTER, SARA STATON, AND ALIDA LORIO RICH, | § § | of Brewster County, Texas |
| | § | (TC#2010-12-B0081-CV) |
| Appellees. | | |

## **O P I N I O N**

Appellant Kassandra Mead appeals from a summary judgment granted in favor of Appellees, Property Owners' Association of Terilingua Ranch, Inc., Fred Porter, Sara Staton, and Alida Lorio Rich (collectively referred to as "Appellees"). For the following reasons, we affirm.

### **FACTUAL AND PROCEDURAL BACKGROUND**

In December 2010, Appellant filed suit against Appellees asserting several causes of action. In March 2011, Appellant amended her petition limiting her cause of action to malicious criminal prosecution. Specifically, Appellant alleged that on December 4, 2006, Appellees falsely procured a criminal prosecution against her for felony deadly conduct. She further alleged that:

The prosecution terminated in plaintiff's favor on December 4, 2009, when the statute of limitations of three years expired without plaintiff being indicted by a grand jury and put on trial for the alleged offense. The case was also dismissed by the 83rd District Attorney Frank Brown in June of 2008 for insufficient investigation but could have been reopened and brought before a grand jury until December 4, 2009, since the felony offense of deadly conduct has a statute of limitations of three years.

Appellees filed general denials and asserted the affirmative defense of limitations. Appellees then moved for summary judgment asserting the claim was barred by the one-year statute of limitations because the criminal charges against Appellant were dismissed in June 2008 for insufficient investigation and Appellant did not file suit for malicious criminal prosecution until December 2010. In response, Appellant argued that Appellees failed to prove all elements of their affirmative defense. Appellant maintained that she presented evidence raising a genuine issue of material fact as to when her claim for malicious prosecution accrued. She asserted that her malicious prosecution claim did not accrue, and limitations did not begin to run until December 4, 2009, the expiration date of the three-year statute of limitations on the underlying felony deadly conduct offense.[1]

In support of her argument, Appellant attached in part, as evidence: (1) her affidavit; (2) the district attorney's motion to dismiss and the June 11, 2008 order dismissing the deadly conduct charge; and (3) her first amended original petition. After a hearing, the trial court granted Appellees' motions for summary judgment. This appeal followed.

## DISCUSSION

In her sole issue on appeal, Appellant argues that the trial court erred by granting Appellees' motion for summary judgment because the trial court failed to consider whether the

---

[1] The felony offense of deadly conduct has a three-year statute of limitations. *See* TEX. PENAL CODE ANN. § 22.05(b), (e) (West 2011); TEX. CODE CRIM. PROC. ANN. art. 12.01(7) (West 2005).

2

order dismissing the criminal charges against her "was or *was not* a dismissal of the type such that if the prosecutor wanted to continue or 'revive' the case against [her], he would have had to institute proceedings '*de novo.*'" She asserts that a determination as to the type of the dismissal order was required in order to ascertain the accrual date of her malicious prosecution claim. She further maintains that because the dismissal order was not the type of order under which the prosecutor would have had to proceed *de novo* in order to prosecute her further, her claim for malicious prosecution did not accrue until the expiration of the three-year statute of limitations on the underlying felony deadly conduct charge. She contends that the statute of limitations on her malicious prosecution claim did not expire until December 4, 2010, and therefore, her suit was within the limitations period because it was filed on December 2, 2010.

Appellees respond that the issue before this Court is purely a question of law as to whether a cause of action for malicious criminal prosecution accrues when the underlying criminal case is dismissed or when the limitations period on the underlying criminal charge expires. Appellees assert that the law in Texas clearly establishes that a malicious prosecution claim "accrues when the underlying charge is dismissed, even if the statute of limitations has not run and the charge could be refiled." We agree.

*Standard of Review*

We review a trial court's summary judgment *de novo*. *Frost Nat. Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). Summary judgment is appropriate when the moving party shows there is no genuine issue as to any material fact and it is entitled to judgment as a matter of law. *Diversicare General Partner, Inc. v. Rubio*, 185 S.W.3d 842, 846 (Tex. 2005). Once the

defendant establishes a right to summary judgment as a matter of law, the burden shifts to the plaintiff to present evidence raising a genuine issue of material fact. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678-79 (Tex. 1979); *Scown v. Neie*, 225 S.W.3d 303, 307 (Tex. App. – El Paso 2006, pet. denied). When reviewing a motion for summary judgment, we must assume all of the evidence favorable to the nonmovant is true, indulge every reasonable inference in favor of the nonmovant, and resolve any doubts in favor of the nonmovant. *Edwards v. Mesa Hills Mall Co. Ltd. Partnership,* 186 S.W.3d 587, 590 (Tex. App. – El Paso 2006, no pet.). A defendant who conclusively negates a single essential element of a cause of action or conclusively establishes an affirmative defense is entitled to summary judgment on that claim. *Frost Nat. Bank*, 315 S.W.3d at 508.

## *Malicious Prosecution*

To prevail on a claim for malicious criminal prosecution, the plaintiff is required to establish the following elements: (1) a criminal prosecution was commenced against her, (2) the defendants initiated or procured that prosecution, (3) the prosecution terminated in her favor, (4) she was innocent of the charges, (5) the defendants lacked probable cause to initiate or procure the prosecution, (6) the defendants acted with malice in filing the charge, and (7) she suffered damages. *Kroger Tex. Ltd. P'ship v. Suberu*, 216 S.W.3d 788, 793 n.3 (Tex. 2006); *Torres v. GSC Enterprises, Inc.*, 242 S.W.3d 553, 562 (Tex. App. – El Paso 2007, no pet.).

## *Limitations*

The limitations period for a claim for malicious prosecution is one year. TEX. CIV. PRAC. & REM. CODE ANN. § 16.002(a) (West 2002); *Torres*, 242 S.W.3d at 561. When moving for summary judgment on the affirmative defense of limitations, a defendant must conclusively prove

4

when the cause of action accrued and "negate the discovery rule, if it applies and has been pleaded or otherwise raised . . . ." *KPMG Peat Marwick v. Harrison County Housing Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). The discovery rule does not apply to claims for malicious criminal prosecution. *See Lang v. City of Nacogdoches*, 942 S.W.2d 752, 758 (Tex. App. – Tyler 1997, writ denied) (holding discovery rule inapplicable to a malicious prosecution claim where plaintiffs had access to public record and dismissal of criminal case against plaintiffs was a matter of public record such that they or their attorneys could have discovered by examining the public records); *Patrick v. Howard*, 904 S.W.2d 941, 945 (Tex. App. – Austin 1995, no writ) (holding that plaintiff's claims arising from wrongful criminal prosecution "do not fall into the rare class of cases where the discovery rule applies"). If the defendant establishes that limitations bars the cause of action, the plaintiff must then present summary judgment proof raising a fact issue in avoidance of the statute of limitations. *KPMG Peat Marwick*, 988 S.W.2d at 748.

When a cause of action accrues, the limitations period begins to run, and the date of accrual is typically a question of law for the court to decide. *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 567 (Tex. 2001); *Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 351 (Tex. 1990). A cause of action for malicious prosecution accrues when the criminal prosecution ends. *Torres*, 242 S.W.3d at 561. The prosecution ends when the formal proceedings are terminated, so the prosecutor must institute proceedings *de novo* to proceed further against the accused. *Leal v. American Nat'l Ins. Co.*, 928 S.W.2d 592, 596-97 (Tex. App. – Corpus Christi 1996, writ denied). In other words, for purposes of the statute of limitations, a malicious prosecution claim accrues upon termination of the criminal proceedings brought against the plaintiff and "not when the prosecution finally decides that it no longer desires to pursue the matter." *Id*. at 597.

5

Here, the summary judgment record reflects that the trial court granted the district attorney's motion to dismiss the underlying criminal charges against Appellant on June 11, 2008, and ordered that Appellant was discharged from any liability in the action. Thus, Appellant's cause of action for malicious criminal prosecution accrued on June 11, 2008, when the criminal proceedings brought against Appellant were dismissed. *See Leal*, 928 S.W.2d at 597; *Lang*, 942 S.W.2d at 758 (malicious prosecution claim accrued when charges were dismissed and dismissal order was made a matter of public record); *see also Rust v. Page*, 52 S.W.2d 937, 941 (Tex. Civ. App. – Fort Worth 1932, writ dism'd) (holding that the dismissal of a prosecution is a final determination of the case).

Because Appellant did not file suit until December 2, 2010, more than two and one-half years after the felony deadly conduct charge against Appellant was dismissed, her claim for malicious criminal prosecution was time barred by the one-year statute of limitations. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.002(a) (West 2002). Because Appellees conclusively established each element of their affirmative defense, and because Appellant failed to raise a fact issue in avoidance of the statute of limitations, we conclude that the trial court did not err in granting summary judgment in favor of Appellees. *See Frost Nat. Bank*, 315 S.W.3d at 509; *KPMG Peat Marwick*, 988 S.W.2d at 748. Issue One is overruled.

## CONCLUSION

We affirm the judgment of the trial court.


GUADALUPE RIVERA, Justice

August 7, 2013

Before McClure, C.J., Rivera, and Antcliff, JJ.
Antcliff, J., not participating

6