

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-15-00013-CV

CITY NATIONAL BANK OF SULPHUR SPRINGS, Appellant

V.

JOHN ALEXANDER SMITH, Appellee

On Appeal from the 62nd District Court
Hopkins County, Texas
Trial Court No. CV 40681

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

After John Alexander Smith's malicious prosecution claim[1] against City National Bank of

Sulphur Springs became barred by limitations,[2] Smith sued his former attorney (hereinafter the

Attorney) for missing the deadline for filing suit against the Bank. Then the case took an unusual

turn. The Attorney named the time-barred Bank as a responsible third party under Chapter 33 of

the Texas Civil Practice and Remedies Code, the statutory scheme regarding proportionate

responsibility for joint tortfeasors.[3] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(a). Smith

---

[1]Attempting to get their multi-year business loan relationship back on an even keel, Smith and the Bank agreed to consolidate various borrowings and overdrafts into a single loan secured by all of Smith's equipment. Smith never made a payment on the new note, and his relationship with the Bank quickly deteriorated.

After a series of demand letters brought no response from Smith, the Bank filed a civil suit against him and then filed a criminal complaint against Smith for hindering a secured creditor. The criminal complaint resulted in his arrest, four or five days in jail, loss of jobs and contracts, and almost two years of pretrial hearings. On January 3, 2008, the criminal charges against Smith were dismissed. Later that year, Smith hired the Attorney to pursue a malicious prosecution case against the Bank.

[2]For unknown reasons, the Attorney did not file a malicious prosecution case against the Bank within the one-year statute of limitations (which expired January 3, 2009). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.002(a) (West 2002). Smith sued the Attorney for legal malpractice on December 21, 2009, in the Smith County district court. In his original petition, Smith alleged that the Attorney "committed negligence, including allowing the statute of limitations to expire on Plaintiff's malicious prosecution cause of action, proximately causing Plaintiff to sustain damages."

[3]On March 15, 2011, the Attorney filed a motion for leave to designate the Bank as a responsible third party under Section 33.004(a) of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(a) (West 2015). In his motion, the Attorney generally alleged that the Bank "caused or contributed to cause the harm for which [Smith] seeks to recover damages from Defendants" and specifically pled that Smith's legal malpractice claim against him related to "an underlying potential claim Smith had against [the Bank] for malicious prosecution, and other possible claims" and that "[a]s such the harm for which Smith seeks to recover damages from [the Attorney] was caused or contributed to by [the Bank]." Since Smith did not file an objection, the Smith County district court granted the motion. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(f) (West 2002). By its second amended petition, Smith then joined the Bank as a party defendant and asserted claims for malicious prosecution and unreasonable collection efforts against the Bank on May 2, 2011. In his pleadings, Smith never alleges that the Bank took any action that contributed to the Attorney's failure to file suit on behalf of Smith within the statute of limitations. In July 2011, Smith settled and dismissed his claims against the Attorney for $100,000.00. In November 2011, the malicious prosecution case against the Bank was transferred to Hopkins County on the Bank's motion to transfer venue.

After the case was transferred, Smith amended his petition and removed any cause of action asserted against

then joined the Bank as a party defendant, and the Attorney settled with Smith. As an "end run" around the statute of limitations, Smith was allowed to amend his petition to essentially reconstitute his suit as an original malicious prosecution suit against the Bank and to successfully prosecute the claim to judgment against the Bank without any further reference to the Attorney.[4] On appeal, the Bank asserts that it was not appropriately joined under the statutory scheme since it was not a proper responsible third party in Smith's original legal malpractice suit against the Attorney (who settled for $100,000.00) and that, as a result, Smith's cause of action against the Bank was barred by the statute of limitations. The Bank also asserts that the trial court erred in awarding exemplary damages as a matter of law and attacks the sufficiency of the evidence

---

the Attorney. By motions for summary judgment, a motion to strike its designation as a responsible third party, and amended answers, the Bank contended that it had been wrongfully designated as a responsible third party in Smith's legal malpractice suit since it did not meet the definition of a responsible third party, that it was not responsible for the harm complained about in the legal malpractice suit, that consequently Section 33.004(e) did not apply to waive the statute of limitations, and therefore that Smith's claims against the Bank were barred by limitations.

The trial court denied the Bank's second amended motion for summary judgment. Before trial, Smith filed a motion in limine seeking, *inter alia*, to exclude any evidence, mention, or suggestion regarding his prior claims against the Attorney and to exclude any testimony of the Attorney. Although the Bank argued that the Attorney was a party to the suit and his testimony was relevant, the trial court ruled that he could not testify and granted the motion in limine. During the trial, the Bank sought to bring the Attorney to testify by deposition, which the trial court also denied. No evidence was introduced at trial regarding the alleged legal malpractice, the failure to file suit against the Bank within the statute of limitations, or any actions or representations by the Bank that may have contributed to that failure to file suit. Rather, the evidence concerned only circumstances surrounding the alleged malicious prosecution of Smith by the Bank. The court's charge only inquired whether the Bank maliciously prosecuted Smith, the amount of Smith's damages, whether harm resulted to Smith from malice, and the amount of exemplary damages. Although the original cause of action was against the Attorney, the Attorney had settled after the Bank was made a party pursuant to Chapter 33 of the Texas Civil Practice & Remedies Code, and Chapter 33 required a finding as to the percentage of responsibility of settling persons, no question inquiring of the proportionate responsibility of the Attorney was submitted. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 33.003(a)(3) (West 2015).

[4]A jury found that the Bank had maliciously prosecuted Smith and awarded Smith $150,000.00 for physical pain and mental anguish, $250,000.00 for injury to his reputation, and $500,000.00 in exemplary damages. The Bank filed a motion for judgment notwithstanding the verdict, again asserting that the statute of limitations barred Smith's claim since the Bank did not meet the definition of a responsible third party, and therefore former Section 33.004(e) did not revive Smith's time-barred claim. After applying a settlement credit of $100,000.00, the trial court entered judgment in favor of Smith for $300,000.00 in damages, $84,542.00 in prejudgment interest, and $500,000.00 in exemplary damages. The trial court subsequently modified its judgment, reducing the prejudgment interest to $54,543.00.

supporting the jury's liability and damages findings.  Smith cross-appeals, complaining of the trial court's reduction of prejudgment interest.  Since we find that the Bank does not meet the definition of a responsible third party and that, consequently, Smith's malicious prosecution claim was barred by the statute of limitations as a matter of law, we need not address the Bank's, or Smith's, other points of error.

We reverse the trial court's judgment and render judgment that Smith take nothing against the Bank, because (1) the Bank is not estopped from urging its claims on appeal, (2) the Bank preserved its limitations claim, and (3) the Bank is not a responsible third party under the statute.

*(1)     The Bank Is Not Estopped from Urging Its Claims on Appeal*

As a threshold issue, Smith contends the Bank is estopped from asserting its complaint that it does not meet the definition of a responsible third party.  Smith argues that, by pleading and proving that the Attorney was a settling person, and by asking for, and receiving, a settlement credit, the Bank took a position at trial that is clearly adverse to its position in this Court.  He reasons that, since the definitions of "settling person" and "responsible third party" both include the phrase "harm for which recovery of damages is sought,"[5] the Bank cannot plead and prove that the Attorney was a settling person in the trial court and that the Bank is not a responsible third party in this Court, citing *Tittizer v. Union Gas Corp.*, 171 S.W.3d 857, 862 (Tex. 2005), and *Litton Industrial Products, Inc. v. Gammage*, 668 S.W.2d 319, 321–22 (Tex. 1984).

While in *Tittizer* the Texas Supreme Court noted that "a party cannot complain on appeal that the trial court took a specific action that the complaining party requested," it also confirmed

---

[5]*See* TEX. CIV. PRAC. & REM. CODE ANN. § 33.011(5), (6) (West 2015).

4

that estoppel on appeal requires the party to "have unequivocally taken a position in the trial court that is clearly adverse to its position on appeal." *Tittizer*, 171 S.W.3d at 862 (citing *Am. Sav. & Loan Ass'n v. Musick*, 531 S.W.2d 581, 589 (Tex. 1975)). In *Litton*, the defendant filed a motion for judgment on the actual damages awarded by the jury, seeking to avoid additional treble damages. *Litton*, 668 S.W.2d at 321–22. The Supreme Court noted that, in that situation, the defendant would not be able to challenge the actual damages award on appeal. *Id.* at 322. It could, however, complain about the trial court's award of treble damages, since it had consistently maintained that the suit was not a suit for damages under the Deceptive Trade Practices Act. *Id.* Similarly, in our case, although the Bank pled for the settlement credit, it also consistently asserted that it had been improperly joined as a responsible third party and that the malicious prosecution claim was barred by the statute of limitations. Further, the Bank did not move for judgment based on the jury verdict, but instead filed a motion for judgment notwithstanding the verdict, again asserting that it was not a proper responsible third party and that Smith's claim for malicious prosecution was barred by the statute of limitations. Since the Bank consistently maintained in the trial court that it was improperly joined as a responsible third party, the Bank is not estopped on appeal from complaining that it was not a proper responsible third party. *See Tittizer*, 171 S.W.3d at 862 (party not estopped on appeal when record shows its position at trial was either not equivocal or was consistent with its position on appeal).

In addition, Smith argues that the Bank is estopped to complain that it is not a proper responsible third party because it "clearly, deliberately, and unequivocally pled" settlement between Smith and the Attorney, that the Attorney is thus a settling party under Chapter 33, and

that the Bank was therefore entitled to a credit for the amount of the settlement. He argues that, by making these allegations, the Bank judicially admitted that the Attorney settled "with respect to the 'harm for which recovery of damages is sought,' and is estopped to claim the contrary." Smith relies on the general rule that facts alleged in live pleadings are binding on the pleader and that "[a]ssertions of fact, not pled in the alternative, in a live pleading of a party are regarded as formal judicial admissions." *Houston First Am. Sav. v. Musick*, 650 S.W.2d 764, 767 (Tex. 1983); *French v. Gill*, 252 S.W.3d 748, 754 (Tex. App.—Texarkana 2008, pet. denied).

In *French*, the plaintiffs pled certain facts, including the names and citizenship of the defendants. *French*, 252 S.W.3d at 754–55. Based on those factual statements, they then stated that "no diversity of citizenship would continue to exist between the parties." *Id*. at 755. As we pointed out, "[t]he statement that diversity would be destroyed is not a factual statement. Rather, it is a legal statement or conclusion based on stated facts." *Id.* Therefore, we concluded that the statement was not a judicial admission. *Id.* In this case, the Bank pled that Smith had sued and settled with the Attorney. It then stated that the Attorney was a settling party, invoked Chapter 33 of the Civil Practice and Remedies Code, and stated that it was entitled to an offset and settlement credit. As in *French*, the statements that the Attorney was a settling party and that the Bank was entitled to an offset and settlement credit are not factual statements. Rather, they are legal conclusions based on the Bank's understanding of the legal effect of Smith's settlement with the Attorney under Chapter 33. As such, they are not judicial admissions and therefore not binding on the Bank. *See id.* Further, the Bank's second amended answer shows that the Bank also pled its improper joinder, denied that it should be a party to the suit, and pled a limitations defense.

6

Thus, a fair reading of the Bank's live pleadings shows that the allegations regarding the Attorney's status as a settling person was pled in the alternative. Therefore, we hold that the Bank is not estopped from asserting that it does not meet the definition of a responsible third party.

*(2)     The Bank Preserved Its Limitations Claim*

Smith also argues that the Bank has failed to preserve error on its limitations defense. Smith asserts that (1) the Bank never secured a ruling on its motion to strike its designation as a responsible third party, (2) the trial court's denial of the Bank's motion for summary judgment is not reviewable, and (3) the Bank did not prove facts establishing its limitations defense, request any findings related to limitations, or move for a directed verdict based on limitations. While it is true that the trial court did not formally rule on the Bank's motion to strike its designation as a responsible third party, the Bank's second amended motion for summary judgment asserted the same arguments and relied on the same evidence as its motion to strike. Further, while we agree that an appellate court generally may not review the denial of a motion for summary judgment after a trial on the merits, the Bank has not asserted error in this regard.

Regarding his last point, Smith rightly states that limitations is an affirmative defense and that generally the party seeking to assert the defense has the burden to plead, prove, and secure findings to support it. The Bank pled limitations as an affirmative defense. Further, as Smith acknowledges, while an affirmative defense is normally a question of fact, in some circumstances, it may be proved so conclusively by the evidence at trial that it becomes a question of law. *Dixon v. Sw. Bell Tel. Co.*, 607 S.W.2d 240, 242 (Tex. 1980). Although *Dixon* did not involve a limitations defense, this principle is applicable to limitations. This Court has previously held that

7

"[w]here the facts [regarding the accrual of the cause of action] are undisputed, the defendant may establish that the plaintiff's claim is barred by the statute of limitations as a matter of law." *Musgrave v. Brookhaven Lake Prop. Owners Ass'n*, 990 S.W.2d 386, 398 (Tex. App.—Texarkana 1999, pet. denied) (citing *Intermedics, Inc. v. Grady*, 683 S.W.2d 842, 845 (Tex. App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.)). In such a case, findings are unnecessary since whether limitations applies is a question of law. *Id.* at 397–98.

In this case, the undisputed evidence shows that the criminal case against Smith was dismissed January 3, 2008, and that Smith's suit against the Bank was not filed until May 2, 2011. The statute of limitations for malicious prosecution is one year. TEX. CIV. PRAC. & REM. CODE ANN. § 16.002(a). A claim for malicious prosecution accrues when the criminal prosecution against the plaintiff ends. *Mead v. Prop. Owners' Ass'n of Terlingua Ranch, Inc.*, 410 S.W.3d 434, 438 (Tex. App.—El Paso 2013, no pet.); *Torres v. GSC Enters., Inc.*, 242 S.W.3d 553, 562 (Tex. App.—El Paso 2007, no pet.). Further, a dismissal order ends the prosecution of a criminal case. *Mead*, 410 S.W.3d at 438; *Rust v. Page*, 52 S.W.2d 937, 941 (Tex. Civ. App.—Fort Worth 1932, writ dism'd). Since the undisputed evidence shows Smith's malicious prosecution claim against the Bank was not filed until more than three years after the criminal prosecution was dismissed, the Bank's limitations defense was established as a matter of law, if the claim was not revived under the former Section 33.004(e).

In addition, although the Bank did not move for a directed verdict on its limitations defense, it did file a motion for judgment notwithstanding the verdict that asserted, in part, that Smith's malicious prosecution claim was barred by Section 16.002(a) of the Texas Civil Practice and

Remedies Code.  A motion for judgment notwithstanding the verdict, based on a properly pled affirmative defense, "preserv[es] it as a ground for judgment as a matter of law."  *Dynegy, Inc. v. Yates*, 345 S.W.3d 516, 522 (Tex. App.—San Antonio 2011), *rev'd. on other grounds*, 422 S.W.3d 638 (Tex. 2014) (citing TEX. R. CIV. P. 301; *T.O. Stanley Boot Co., Inc. v. Bank of El Paso*, 847 S.W.2d 218, 220 (Tex. 1992)); *see also*, *Morrell v. Finke*, 184 S.W.3d 257, 290 (Tex. App.—Fort Worth 2005, pet. denied) (motion for judgment notwithstanding verdict based on limitations preserves issue for appellate review).[6]  Therefore, the Bank has preserved this error for our review.

*(3)      The Bank Is Not a Responsible Third Party under the Statute*

The Bank contends that the trial court erred in awarding judgment for malicious prosecution since it was not a proper responsible third party and, therefore, Smith's time-barred cause of action against it was not revived under the former Section 33.004(e) of the Texas Civil Practice and Remedies Code.  Pointing to Section 33.003, the Bank argues that the purpose of the 2003 amendments to Chapter 33 was to allow the jury to determine the responsibility of each person who contributed to causing "in any way the harm for which recovery of damages is sought." TEX. CIV. PRAC. & REM. CODE ANN. § 33.003 (West 2015); *see also Challenger Gaming Sols.,*

---

[6]*See Flack v. Hanke*, 334 S.W.3d 251 (Tex. App.—San Antonio 2010, pet. denied).  In an appeal from a summary judgment, the San Antonio Court of Appeals held that a responsible third party that had subsequently been joined as a defendant could not challenge its designation through a motion to strike under Section 33.004(l) of the Texas Civil Practice and Remedies Code.  *Id*. at 262; *see* TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(l) (West 2015) (providing that after discovery, "a party may move to strike the designation of a responsible third party on the ground that there is no evidence that the designated person is responsible for any portion of the claimant's alleged injury or damage").  However, it also recognized that there were other procedures available to the responsible third party-turned-defendant to assert that it is not responsible for the claimant's alleged injury or damage, such as through a no-evidence motion for summary judgment.  *Flack*, 334 S.W.3d at 261.  Other procedures available when a party is entitled to judgment as a matter of law, or when a legal principle precludes recovery, are a motion for directed verdict and a motion for judgment notwithstanding the verdict.  *Hunter v. PriceKubecka, PLLC*, 339 S.W.3d 795, 806 (Tex. App.—Dallas 2011, no pet.); *Morell*, 184 S.W.3d at 290.

9

*Inc. v. Earp*, 402 S.W.3d 290 (Tex. App.—Dallas 2013, no pet.). For the same reason, it argues, the former Section 33.004(e) allowed the revival of time-barred causes of action against properly designated responsible third parties, i.e., so that all parties responsible for the harm for which the plaintiff brought suit[7] would be before the court. It also contends that a proper responsible third party is one that meets the definition under the statute, which requires it to have contributed "to causing in any way the harm for which recovery of damages is sought." TEX. CIV. PRAC. & REM. CODE ANN. § 33.011(6). The Bank reasons that, since there were no allegations or evidence that it contributed to, or caused in any way, the harm for which Smith sought damages in its legal malpractice suit, it was not a proper responsible third party. Therefore, it argues, former Section 33.004(e) did not revive Smith's time-barred claim against the Bank.

In response, Smith points out that, to defeat the designation of a responsible third party, an opposing party must show "there is no evidence that the designated person is responsible for any portion of the claimant's alleged injury or damage." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(l). He argues that the Bank was responsible for the harm giving rise to the damages he sought from the Attorney, explaining that the *damages* he could obtain in his legal malpractice claim are primarily defined by the amount of money he could have recovered against the Bank, had the Attorney not failed to timely file suit, thus requiring him to prove "the case within the case."[8] He then equates the "harm" in Section 33.011(6) with "damages," concluding that "the

---

[7]In its brief, the Bank argued that the same cause of action must be asserted against the defendant and a proper responsible third party. However, in the trial court and at oral argument, it argued that a responsible third party must have contributed to the same harm for which damages are sought against the defendant.

[8]In the case within the case, Smith would have been entitled to show damages for physical pain, mental anguish, and loss of reputation, and for exemplary damages.

10

harm caused by the Bank . . . is precisely the 'harm for which recovery of damages [was] sought'" in the malpractice claim.

In its motion for judgment notwithstanding the verdict, the Bank asserted its right to judgment on the grounds that limitations barred Smith's claim, since the Bank was not a proper responsible third party. A judgment notwithstanding the verdict "is proper when a directed verdict would have been proper." *Morrell*, 184 S.W.3d at 290 (citing TEX. R. CIV. P. 301; *Fort Bend Cty. Drainage Dist. v. Sbrusch*, 818 S.W.2d 392, 394 (Tex. 1991)). A motion for judgment notwithstanding the verdict "should be granted when the evidence is conclusive and one party is entitled to recover as a matter of law or when a legal principle precludes recovery." *Id.* (citing *Mancorp, Inc. v. Culpepper*, 802 S.W.2d 226, 227 (Tex. 1990)).

Our analysis of whether the Bank meets the definition of a responsible third party under Chapter 33 involves statutory construction, which is a question of law reviewed de novo. *See MCI Sales & Serv., Inc. v. Hinton*, 329 S.W.3d 475, 500 (Tex. 2010); *McIntyre v. Ramirez*, 109 S.W.3d 741, 745 (Tex. 2003). "Our primary goal in construing a statute is to ascertain and give effect to the Legislature's intent." *Joyce Steel Erection, Ltd. v. Bonner*, No. 06-14-00064-CV, 2015 WL 3761477, at *2 (Tex. App.—Texarkana June 17, 2015, no pet.) (citing *Hinton*, 329 S.W.3d at 500; *Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 865 (Tex. 1999); *Pilgrim's Pride Corp. v. Cernat*, 205 S.W.3d 110, 117 (Tex. App.—Texarkana 2006, pet. denied)). In ascertaining intent, we first look to the "plain and common meaning of the statute's words." *McIntyre*, 109 S.W.3d at 745 (quoting *State ex rel. State Dep't of Highways & Pub. Transp. v. Gonzalez*, 82 S.W.3d 322, 327 (Tex. 2002)); *Fitzgerald*, 996 S.W.2d at 865; *see* TEX. GOV'T CODE

11

ANN. § 311.011 (West 2013). "We construe a statute's words according to their plain and common meaning unless they are statutorily defined otherwise, a different meaning is apparent from the context, or unless such a construction leads to absurd or nonsensical results." *Ross v. St. Luke's Episcopal Hosp.*, 462 S.W.3d 496, 501 (Tex. 2015). When a term is not defined, we will not find "a meaning that is out of harmony or inconsistent with other provisions in the statute." *McIntyre*, 109 S.W.3d at 745. In addition, to determine legislative intent, "we consider the statute as a whole, reading all its language in context, and not reading individual provisions in isolation." *Ross*, 462 S.W.3d at 501. We are to assume that the Legislature had a purpose for words included in the statute and purposefully omitted words excluded from the statute. *In re M.N.*, 262 S.W.3d 799, 802 (Tex. 2008); *Cernat*, 205 S.W.3d at 117. Other matters, such as the object to be attained, circumstances of the statute's enactment, legislative history, and the consequences of a particular construction, may also be considered in determining the Legislature's intent. *See* TEX. GOV'T CODE ANN. § 311.023(1)–(3), (5) (West 2013); *McIntyre*, 109 S.W.3d at 745; *Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 866 (Tex. 1999). However, while these matters may be considered, they will not be used to create an ambiguity when a statute is unambiguous. *Fitzgerald*, 996 S.W.2d at 865–66. *Compare Molinet v. Kimbrell*, 356 S.W.3d 407, 414 (Tex. 2011) (inappropriate to consider extrinsic aids to alter clear and unambiguous statutory language), *with State v. Hodges*, 92 S.W.3d 489, 494 (Tex. 2002) (even when statute clear and unambiguous, appellate court may consider statute's objectives and consequences of particular construction, among other things) (citing TEX. GOV'T CODE ANN. § 311.023 (West 2013)). "In Chapter 33 of the Texas Civil Practice and Remedies Code, the Texas Legislature established a

12

comprehensive system for apportioning fault among all persons responsible for harm arising from tortious acts or acts that violate the Texas Deceptive Trade Practices–Consumer Protection Act." *Bonner*, 2015 WL 3761477, at *1 (citing TEX. CIV. PRAC. & REM. CODE ANN. §§ 33.001–.017 (West 2015)). The purpose of Chapter 33 "is to hold each person 'responsible for [the person's] own conduct causing injury.'" *Hinton*, 329 S.W.3d at 505 (quoting *F.F.P. Operating Partners, LP v. Duenez*, 237 S.W.3d 680, 690 (Tex. 2007)). Accordingly, the Legislature provided that "the trier of fact determine the percentage of responsibility attributable to each claimant, each defendant, each settling party, and each designated responsible third party." *Bonner*, 2015 WL 3761477, at *1; *Earp*, 402 S.W.3d at 292–93.

In 2003, the Legislature made significant changes to the definition of "responsible third party." Under the 1995 statute, a responsible third party was defined as:

> any person to whom all of the following apply:
>
> (i)     The court in which the action was filed could exercise jurisdiction over the person;
> (ii)    The person could have been, but was not, sued by the claimant; and
> (iii)   The person is or may be liable to the plaintiff for all or a part of the damages claimed against the named defendant or defendants.

*See* Act of May 8, 1995, 74th Leg., R.S., ch. 136, § 1, 1995 Tex. Gen. Laws 971, 973 (amended 2003) (current version at TEX. CIV. PRAC. & REM. CODE ANN. § 33.011(6)). In 2003, the Legislature expanded the class of persons who could be designated as responsible third parties, dropping both the requirement that the court could exercise jurisdiction over the person and the requirement that the person could have been sued by the claimant. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 33.011(6). At the same time, a responsible third party was no longer a person who

13

may be liable to the plaintiff for all or part of the *damages* claimed, rather under the 2003 amendments, a responsible third party is "any person who is alleged to have caused or contributed to causing in any way the *harm* for which recovery of damages is sought." *Id.* (emphasis added). In addition, the Legislature provided that a claimant's time-barred cause of action against a responsible third party would be revived if he was joined within sixty days after his designation as a responsible third party. Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 4.04, sec. 33.004(e), 2003 Tex. Gen. Laws 847, 856, *repealed by* Act of May 25, 2011, 82d Leg., R.S., ch. 203, § 5.02, 2011 Tex. Gen. Laws 757, 759).[9]

The 2003 amendments to Chapter 33 changed the definition of responsible third party from a person who may be liable to the plaintiff for all or part of the *damages* claimed to "any person who is alleged to have caused or contributed to causing in any way the *harm* for which *recovery of damages is sought*." TEX. CIV. PRAC. & REM. CODE ANN. § 33.011(6) (emphasis added). At the same time, the Legislature amended Section 33.003, requiring the trier of fact to determine the percentage of responsibility of the claimant(s), defendant(s), and other persons "causing or contributing to cause in any way the *harm* for which *recovery of damages is sought*." TEX. CIV. PRAC. & REM. CODE ANN. § 33.003(a) (emphasis added). On the other hand, as Smith points out, the Legislature used a different phrase to describe when a designation of a responsible third party might be defeated. Section 33.004(l), which was added by the 2003 amendments, provides that "a party may move to strike the designation of a responsible third party" when "there is no evidence

---

[9]At the time, Sec. 33.004(e) provided that, if a person is designated as a responsible third party, "a claimant is not barred by limitations from seeking to join that person, even though such joinder would otherwise be barred by limitations," if the person is joined within sixty days after he is designated a responsible third party. *See* Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 4.04, sec. 33.004(e), 2003 Tex. Gen. Laws 847, 856 (repealed 2011).

14

that the designated person is responsible for *any portion of the claimant's alleged injury or damage*. TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(l) (emphasis added). The Legislature also left intact a third formulation when defining "claimant," "percentage of responsibility," and "settling person." A claimant includes a party seeking "recovery of damages for *injury to another person*, *damage to property* of another person, *death* of another person, or *other harm* to another person." TEX. CIV. PRAC. & REM. CODE ANN. § 33.011(1) (emphasis added). Percentage of responsibility is the percentage attributed by the trier of fact to each person "with respect to causing or contributing to cause in any way . . . *the personal injury*, *property damage*, *death*, *or other harm for which recovery of damages is sought*." TEX. CIV. PRAC. & REM. CODE ANN. § 33.011(4) (emphasis added). A settling person is a person who has paid or promised to pay money or anything of monetary value to a claimant "with respect to *the personal injury*, *property damage*, *death*, *or other harm for which recovery of damages is sought*." TEX. CIV. PRAC. & REM. CODE ANN. § 33.011(5) (emphasis added).

When construing these statutes and their differing formulations together, it appears that the Legislature intended "harm" to be somewhat synonymous with "injury" and "damage" (i.e., "personal *injury*, property *damage*, death, or *other harm*," as used in the definitions of claimant, percentage of responsibility and settling person). Thus, when "harm" is used in the definition of responsible third person and in determining proportionate responsibility, it would include "injury" and "damage." By the same token, when "injury or damage" is used concerning when a responsible third party may be stricken, it includes "harm." This comports with the plain and ordinary meanings of these words. "Harm" means "physical or mental damage: INJURY." *Harm*,

15

MERRIAM–WEBSTER'S COLLEGIATE DICTIONARY (11th ed. 2006); *see also Harm*, BLACK'S LAW DICTIONARY (10th ed. 2014) (defining "harm" as "[i]njury, loss, damage; material or tangible detriment.") "Injury" means "an act that damages or hurts: WRONG; violation of another's rights for which the law allows an action to recover damages." *Injury*, MERRIAM–WEBSTER'S COLLEGIATE DICTIONARY (11th ed. 2006); *see also Injury* BLACK'S LAW DICTIONARY (10th ed. 2014) (defining "injury" as "[t]he violation of another's legal right, for which the law provides a remedy; a wrong or injustice)." "[D]amage" means "loss or harm resulting from injury to person, property, or reputation." *Damage*, MERRIAM–WEBSTER'S COLLEGIATE DICTIONARY (11th ed. 2006); *see also Damage* BLACK'S LAW DICTIONARY (10th ed. 2014) (defining "damage" as "[l]oss or injury to person or property"). In addition, this construction harmonizes and brings consistency to the different uses of these phrases throughout Chapter 33.

We also note that, in the 2003 amendments, the Legislature made a clear distinction between "harm" and "damages." In the amendments, the Legislature clarified that the "harm" could be personal injury, property damage, death, or other harm. "Damages," on the other hand, are the *compensation* that the claimant seeks to recover. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 33.003, 33.011(1), (4), (5), (6). This also comports with the plain and ordinary meaning of damages. "Damages" means "compensation imposed by law for loss or injury." *Damages*, MERRIAM–WEBSTER'S COLLEGIATE DICTIONARY (11th ed. 2006); *see also Damages* BLACK'S LAW DICTIONARY (10th ed. 2014) (defining "damages" as "[m]oney claimed by, or ordered to be paid to, a person as compensation for loss or injury"). Thus, in determining if a person may be a responsible third party, the 2003 amendments mandate that we are no longer to determine whether

16

the person is liable to the plaintiff for all or part of the *damages* claimed, as under the former definition, but rather whether the person contributed to cause the *harm* for which damages are sought. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 33.011(6).

Next, we must determine the "harm, injury or damage" for which Smith sought to recover damages in his legal malpractice claim. This is important for two reasons. First, the overall intent of Chapter 33 is to bring all responsible parties who in any way caused the harm, injury, or damage before the fact-finder to determine each person's proportionate responsibility. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 33.003(a); *ExxonMobil Corp. v. Pagayon*, 467 S.W.3d 36, 50 (Tex. App.—Houston [14th Dist.] 2015, pet. filed). Second, if the Bank has not been shown to have contributed to causing the harm for which Smith sought recovery of damages, the former Section 33.004(e) would not revive Smith's time-barred cause of action against it, since that section on its face only applies to causes of action against a responsible third party. *See* Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 4.04, sec. 33.004(e), 2003 Tex. Gen. Laws 847, 856 (repealed 2011)).

"To prevail on a legal malpractice claim, the plaintiff must prove the defendant owed the plaintiff a duty, the defendant breached that duty, the breach proximately caused the plaintiff's injury, and the plaintiff suffered damages." *Akin*, *Gump*, *Strauss*, *Hauer & Feld, L.L.P. v. Nat'l Dev. & Research Corp.*, 299 S.W.3d 106, 112 (Tex. 2009) (citing *Peeler v. Hughes & Luce*, 909 S.W.2d 494, 496 (Tex. 1995)); *Mackie v. McKenzie*, 900 S.W.2d 445, 448 (Tex. App.—Texarkana 1995, writ denied). When an attorney is sued on the ground that he missed the statute of limitations, thereby causing his client to lose his cause of action, the client must "prove that his suit would have been successful but for the negligence of his attorney and to show what amount

17

would have been collectible had he recovered the judgment." *Mackie*, 900 S.W.2d at 448–49; *see also Cosgrove v. Grimes*, 774 S.W.2d 662, 665–66 (Tex. 1989).[10] Thus, the harm or injury for which recovery of damages is sought in a legal malpractice suit involving a missed statute of limitations is the loss of a cause of action. The *damages* in such a case, on the other hand, is "the difference between the result obtained and the case's 'true value,' defined as the recovery that would have been obtained 'following a trial' in which the client had 'reasonably competent, malpractice-free' counsel." *Elizondo*, 415 S.W.3d at 263 (quoting *Keck, Mahin & Cate v. Nat'l Union Fire Ins. Co.*, 20 S.W.3d 692, 703 n.5 (Tex. 2000)).

Under the proportionate responsibility statute, the trier of fact is required to "determine the percentage of responsibility of" each claimant, defendant, settling person, and responsible third party who "caus[ed] or contribut[ed] to cause in any way the harm for which recovery of damages is sought." TEX. CIV. PRAC. & REM. CODE ANN. § 33.003(a). If Smith's harm or injury is the loss of his cause of action against the Bank caused by the missed statute of limitations, then only those persons who contributed in causing the loss of his cause of action against the Bank should be considered by the jury in the proportionate responsibility issue. By the same token, a responsible third party by definition is only a person who "caused or contributed to causing in any way the harm for which recovery of damages is sought." TEX. CIV. PRAC. & REM. CODE ANN. § 33.011(6). Therefore, to establish the Bank as a responsible third party, Smith must have both alleged and proven that the Bank contributed to causing Smith to lose his cause of action against the Bank,

---

[10]The same is true on any case in which an attorney is sued based on his alleged negligence in handling prior litigation. *See Elizondo v. Krist*, 415 S.W.3d 259, 263 (Tex. 2013); *Akin, Gump, Strauss, Hauer & Feld, L.L.P.*, 299 S.W.3d at 112.

18

e.g., by somehow contributing to missing the statute of limitations.

This was implicitly recognized by the Dallas Court of Appeals in *In re Smith*, 366 S.W.3d 282 (Tex. App.—Dallas 2012, orig. proceeding). In *Smith*, Melvia Lewis hired a lawyer and his firm to pursue a lawsuit arising from injuries Lewis received in an automobile accident. *Id.* at 284. The attorneys sued the owner of the other vehicle, Mary Winfrey, but never sued its driver, Edith Winfrey. After limitations ran, Mary sought summary judgment since she was not in the vehicle at the time of the accident. She was nonsuited, and Lewis sued his attorneys for legal malpractice, asserting, *inter alia*, that they negligently investigated his claim. *Id.* The attorneys sought to designate Edith as a responsible third party, alleging that she caused or contributed to cause Lewis' injuries and damages. Lewis responded that Edith could not be a responsible third party since she did not cause or contribute to cause the harm for which Lewis was suing. The trial court denied relators' motion to designate Edith without giving them an opportunity to replead. *Id.* The Dallas Court of Appeals conditionally granted the relators' writ of mandamus, holding that the trial court lacked discretion to deny the motion without first giving relators an opportunity to replead. *Id.* at 289. Lewis argued that repleading would be futile because there were no set of facts that could make Edith a responsible third party in a legal malpractice action, since she was not an attorney. *Id.* at 285–86. In rejecting this argument, the Court of Appeals pointed out that Lewis had alleged that the attorneys negligently investigated his personal injury case and that it was possible that Edith had somehow contributed to any error committed by them. *Id.* at 286. The court concluded that "the fact that Edith is not an attorney would not necessarily mean she could not have tortiously contributed to cause the harm for which Lewis is suing relators." *Id.* Significantly, the Dallas

19

court did not hold that Edith was a responsible third party simply because she caused Lewis' injuries in the underlying suit. Rather, the Dallas court implicitly recognized that the harm for which Lewis sued his attorneys was loss of his cause of action against Edith and that it was at least possible, at that stage of the proceedings, that the attorneys could plead some set of facts that would show Edith contributed to the loss of the cause of action.

As has previously been seen, neither Smith nor the Attorney alleged or produced any evidence in the trial court[11] that the Bank in any way contributed to the failure of a timely filed suit. Rather, both Smith and the Attorney alleged only that the Bank caused or contributed to the damages caused by the alleged underlying malicious prosecution. Further, the trial court excluded any testimony by the Attorney at trial, and no other evidence showing the Bank contributed to the loss of Smith's cause of action was offered. With no pleadings and no evidence that the Bank contributed to causing the harm for which recovery of damages was sought, the Bank was not, by definition, a responsible third party. *See* TEX. CIV. PRAC. & REM CODE ANN. § 33.011(6).

Smith successfully argued below that, to prevail in his malpractice action, he had to prove the damages he would have recovered in the underlying suit, and since the Bank was responsible for those damages, the Bank was a responsible third party. We have concluded, however, that, to be a responsible third party, one must contribute to the harm for which damages are sought, not to

---

[11]In his brief in this Court, Smith asserts that "the evidence could have also addressed whether or not the Bank contributed to the missed statute of limitations." He cites deposition testimony of the Attorney, which was not in the record and not admitted at trial, suggesting that the Bank delayed the pre-suit depositions for months until the statute of limitations had run. However, in that deposition testimony, there is no suggestion that the Bank or its attorney in any way attempted to delay the depositions with the intent that limitations run. Even if he had, it would be irrelevant to our decision, since this case comes to us on appeal after a full jury trial, and we may only consider the parties' live pleadings and the evidence that was admitted at trial.

20

the damages themselves.  Further, these are not the damages that he sought in his legal malpractice suit.  In a legal malpractice suit, the damage sought is "the difference between the result obtained and the case's 'true value,' defined as the recovery that would have been obtained 'following a trial' in which the client had 'reasonably competent, malpractice-free' counsel." *Elizondo*, 415 S.W.3d at 263.  Although it was necessary for Smith to put on evidence of the damages he sustained as a result of the Bank's malicious prosecution in order to establish the lost cause of action's true value, he was not suing for malicious prosecution damages.  Rather, the damage he sought was the value of that lost cause of action.

Smith's construction of the statute, as apparently adopted by the trial court, led to the absurd result of this case being tried completely out of the Chapter 33 context, with no possibility of the jury determining the percentage of responsibility of the Attorney, the settling party.[12]  Yet, it was only by allowing the Bank to be designated as a responsible third party under Chapter 33 that Smith was able to pursue his claim against the Bank, which would otherwise have been barred by the statute of limitations.  *See* Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 4.04, sec. 33.004(e), 2003 Tex. Gen. Laws 847, 856 (repealed 2011).  Thus, the malicious prosecution case, which was purportedly revived under Chapter 33, was tried as a stand-alone case without any mention of the original legal malpractice suit or the Attorney's responsibility, and without any

---

[12]Since the trial court, on Smith's motion, excluded any evidence of Smith's prior claims against the Attorney and any testimony by the Attorney, there would have been no evidence to support the submission of a jury question regarding the Attorney's proportionate responsibility as required by the statute.  In addition, as the Bank points out, under Smith's construction, had there been no such settlement, Smith would have been in an untenable and absurd position. To prevail against the Attorney, Smith would have to show that the statute of limitations on his cause of action against the Bank had expired before suit was filed.  At the same time, to prevail against the Bank's affirmative defense, he would have to establish that the statute of limitations had not expired (or at least rebut the Bank's proof to the contrary).

21

possibility that the jury proportion responsibility between the Attorney and the Bank, as required by Chapter 33. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 33.003. This effectively defeated Chapter 33's primary purpose of apportioning fault among all persons responsible for the harm, injury, or damage. *See Bonner*, 2015 WL 3761477, at *1; *Earp*, 402 S.W.3d at 292–93. Such an absurd result could not have been intended by the Legislature.

Under the former Section 33.004(e), only time-barred causes of action against designated responsible third parties could be revived. *See* Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 4.04, sec. 33.004(e), 2003 Tex. Gen. Laws 847, 856 (repealed 2011). As we have seen, the Legislature has defined a responsible third party as "any person who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought." TEX. CIV. PRAC. & REM. CODE ANN. § 33.011(6). In his motion for leave to designate a responsible third party, the Attorney alleged that the Bank contributed to cause malicious prosecution damages, but did not allege that it in any way contributed to cause the loss of Smith's cause of action against the Bank. Since the Bank was neither alleged, nor shown, to be a responsible third party, former Section 33.004(e) did not revive Smith's time-barred cause of action against the Bank.[13] As we have

---

[13]We recognize that the San Antonio Court of Appeals has previously held that under a plain reading of the statute all that is required for former Section 33.004(e) to defeat a limitations defense is that the person be designated as a responsible third party and joinder be sought within sixty days of the designation. *Jay Miller & Sundown, Inc. v. Camp Dresser & McKee Inc.*, 381 S.W.3d 635, 641 (Tex. App.—San Antonio 2012, no pet.). That case, however, was an appeal from a summary judgment in favor of Camp Dresser & McKee (CDM) based on limitations. *Id.* at 636. In its opinion, the San Antonio court noted that both the City, which had designated CDM as a responsible third party, and the plaintiff had alleged that CDM's tortious conduct had contributed to causing the harm, the plaintiff's property damage, for which the plaintiff had sued the City. *Id.* at 641. So, at that stage of the proceeding, CDM met the definition of a responsible third party. In our case, the fact allegations were only that the Bank caused damages from its malicious prosecution, which was not the harm for which Smith sought to recover malpractice damages. Further, the Legislature has provided a definition of a responsible third party. This definition must be taken into consideration in determining whether the Legislature intended for the former Section 33.004(e) to revive a time-barred cause of action asserted against a person who has been designated as a responsible third party without any allegations, or at

previously noted, the undisputed evidence at trial was that Smith did not file his malicious prosecution cause of action against the Bank until over three years after it accrued. Therefore, it was barred by the statute of limitations. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.002(a).

We find that the trial court erred in not granting the Bank's motion for judgment notwithstanding the verdict. Therefore, we reverse the judgment of the trial court against the Bank and render a take-nothing judgment in its favor.


Josh R. Morriss, III
Chief Justice


Date Submitted: March 23, 2016
Date Decided: May 4, 2016

---

trial, proof, that the person contributed to cause the harm for which the claimant sought a recovery of damages from the designating defendant.

23